Upson, J.
This is a proceeding in error to reverse a judgment of the court of commmon pleas'. The original cause was an action brought by John Amor against Frederick Funk for malicious prosecutioa. The plaintiff charged the defendant with having maliciously, and without probable cause, procured his arrest and imprisonment, 1. Upon the charge of conducting himself in a noisy and insulting manner by words against- one Mary Funk who was a resident of the village of Glenville, in violation of an ordinance of that village. 2. With having caused his arrest upon the charge of unlawfully provoking a breach of the peace. The two charges were substantially the same.
The first prosecution was instituted under the provisions of an ordinance "of the village, but was dismissed by the prosecuting witness, the defendant in the case below, the plaintiff in error in this case, and a new one was instituted for substan *420 tially the same offense, though in a somewhat different form.
A number of questions, some of them quite difficult, are raised in this case. The first question to which we will call attention is whether, in a case for malicious prosecution, the plaintiff, without his character having been previously attacked by the defendant,. may give in evidence his general reputation. On the trial below the court allowed this question to be asked a number of witnesses: u Have you the means of knowing the general reputation of Joseph Amor as a peaceable and quiet citizen ? ” The defendant objected to the question whenever it was asked, and the court overruled the objection, to which ruling of the court the defendant excepted. This question is one upon which there has been a great conflict in the decisions of the courts in this country and in England. We have examined it as thoroughly as we have time to do it, and have come to the conclusion that the plaintiff may, for the purpose of showing a want of probable cause, prove that his general reputation, in respect to the crime charged against him, was good at the time, and that the same was known to the defendant at the time he instituted this prosecution in this case. There was testimony given whieh was sufficient to authorize a jury to infer that the defendant in the case, when he instituted this prosecution, did know that the plaintiff sustained a good reputation throughout the community as a quiet and peaceable citizen; and while, as we say, there is a conflict in the decisions and no authoritative' decision in this state has yet been made, so far as we are aware, we think upon principle that the testimony offered is admissible as tending to show a want of probable cause for the prosecution, and a want of good faith in instituting it.
The next proof to which objection was made by the defendant and exception taken by him to the overruling of his objection by the court, was that the plaintiff was a member of a particular church, and was superintendent of the Sabbath school of that church. There was considerable of testimony *421 to that effect. If that testimony is admissible for any purpose, it is admissible simply for the purpose of showing the defendant’s knowledge of the good character and reputation of the plaintiff, and we are inclined to think that when it is limited to that purpose, and also kept within reasonable bounds, such testimony is admissible simply for that purpose; that is, the purpose of showing the standing in the community of the plaintiff, and that that was known to the defendant by reason of his association with the plaintiff in church or otherwise. In this case the proof went further than we think it ought to have gone, and it was not properly limited by the court; but still we are not prepared to say that upon that point alone we would consider it necessary to reverse this judgment.
There is another, a still more serious, point raised in this case, and that is the charge of the court to the jury in these words : “ It is admitted that this first charge was dismissed by the voluntary act of the defendant himself. Unless the facts and circumstances convince you to the contrary, you may infer from that fact malice.”
Now, as early as the ease of Nicholson v. Coghill, reported in 4 Barn.- & Cress., page 21, the court held in this language :
“ In actions for malicious prosecution it has been held that evidence of the bill having been thrown out by the grand jury is sufficient to warrant an inference of the absence of probable cause. So in this case, I think that malice and the absence of probable cause may be inferred from the. discontinuance, that being the act of the present defendant, and not having been explained by him.”
There is no decision upon this point so far as we are aware by our Supreme Court, but in the court of common pleas of Hamilton county, in Dugan v. O’Neil, "Vol. 2 Weekly Law Bulletin, page 75, the opinion being given by Judge Avery, this case to which we have referred in Barn. & Cres. was quoted, and the court in its opinion, speaking of malice and want of probable cause, use this language :
*422 “ Although a negative fact, it must be shown affirmatively by a preponderance of the evidence. To discontinue a prosecution has been held to show want of probable cause, but this-is where the discontinuance is without explanation.’7
In the case before us it was shown by the testimony of the defendant, corroborated by the testimony of the magistrate, that when the defendant discontinued the first prosecution it was done for the reason that he had been advised that the affidavit was not in proper form, and it was discontinued for the sole purpose of instituting another prosecution upon the same charge, and upon an affidavit in the form in which he had been advised by counsel that it was necessary to have the affidavit. So far as we are aware, there is nothing in the testimony to show that this explanation was not a true explanation ; and although it is true that if a man who has instituted a criminal prosecution and caused the arrest of a person by means of it, once abandons it, without any reason whatever, or any satisfactory explanation, it is proper to infer malice and want of probable cause from the voluntary discontinuance of the prosecution; but when he does ft simply because he is advised that the first prosecution is not in the proper form — the affidavit is not in proper form — and for that reason alone, we .think that it certainly is a satisfactory explanation, and no just inference could be drawn from that voluntar)’ discontinuance that there was want of probable cause for the prosecution, or that it was malicious. Those facts must in such cases be shown by the other testimony in the case. •
Now, we think the court clearly erred in saying to the jury that from the voluntary act of the defendant himself they might infer malice unless the facts and circumstances convinced them to the contrary. The charge should have been that they might infer malice from the fact, if there was no-explanation of it given. We think the jury clearly would not have been authorized to infer-malice from the discontinuance-of the first prosecution under the circumstances shown by the *423 evidence in this case, and that the charge of the court in that respect ought to have been different. The jury should have-been clearly instructed that if they were satisfied the explanation was true, malice ought not to be inferred from the discontinuance of the prosecution alone.
E. L. Hessenmueller and L. A. Wilson, for plaintiff in error.
W. C. Ong and P. H. Kaiser, for defendant in error.
It was also claimed that the court erred in allowing a newspaper article referring to this prosecution to be given in evidence to the jury. In examining the article itself, we do not see that the defendant could have been prejudiced by it, if it were proper to show in the case that the fact of the prosecution had been made public — and that was one of the allegations of the petition, that the publication had been procured by the defendant himself; but there was nothing in the article tending to prove anything more than simply that there had been a publication; so we do not think the defendant could have been prejudiced by that. But on account of the error in the charge of the court, the judgment of the court of common pleas must be reversed, and the cause remanded for a new trial.